## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| AROUNDETH SAYKOSY | : | |
| DEBTOR | : | CASE NO. 07-41908-JBR |
| DAVID M. NICKLESS, | : | |
| PLAINTIFF, | : | |
| v. | : | AP. NO. 07-04103 |
| AROUNDETH SAYKOSY, LA SAYKOSY, | | |
| AND SISAVETH SAYKOSY | : | |
| DEFENDANTS. | : | |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on Plaintiff's Motion for Summary Judgment (Docket #9), the accompanying affidavit of Brian R. Goodwin (Docket #12), and the Defendant's Amended Opposition to Plaintiff's Motion for Summary Judgment (Docket #18). The Plaintiff's Complaint alleges three counts: the transfer of the debtor's interest in 27 Canada Street, Lowell, Massachusetts constitutes grounds for denial of discharge under 11 U.S.C. § 727(a)(2)(B), the transfer of the debtor's interest in 27 Canada Street, Lowell, Massachusetts constitutes a voidable post-petition transfer under 11 U.S.C. § 549, and Defendants Aroundeth Saykosy, La Saykosy, and Sisaveth Saykosy conspired to defraud the Debtor's creditors and the bankruptcy estate. (Complaint).

1

**FACTS**

Aroundeth Saykosy ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on May, 18, 2007. (Trustee's Concise Statement of Undisputed or Uncontroverted Material Facts, 1).[1] David M. Nickless is the duly appointed trustee of the Bankruptcy Estate. (Undisputed Facts, 1). At the time of the filing, Debtor owned, as a joint tenant with Sisaveth Saykosy, the subject premises located at 27 Canada Street, Lowell, Massachusetts ("Premises"). (Undisputed Facts, 2). Seven days after the filing of the Bankruptcy petition, the Debtor transferred his interest in the Subject Premises to Sisaveth Saykosy and La Saykosy. (Undisputed Facts, 2). Debtor did not request or obtain any authority from the court in this post-petition transfer. (Undisputed Facts, 2) At the time of the transfer of the premises, payments totaling $269,999.29 were made to the mortgagee, Litton Loan Service. Payments totaling $8,127.53 were made to Rab Performance services and Citibank. (Undisputed Facts, 2).

The Debtor contends that he received no money as a result of the transfer. The deed indicates that consideration for the transfer was $1.00. The "Schedule A. Real Property Report" indicates that the fair market value of the Premises was $300,000. (Goodwin Affidavit, Exhibit B). On May 10th, 2007, the Premises were appraised at $315,000. (Defendant's Amended Opposition to Plaintiff's Motion for Summary Judgment, Exhibit A). Although the Defendant Debtor challenges this Appraisal, it was made by the Debtor's own appraiser and is attached as Exhibit A to Defendant's Memorandum in Support of the Defendant's Amended Opposition to the Plaintiff's Motion for Summary Judgment.

---

[1] Hereinafter referred to as "Undisputed Facts."

**POSITIONS OF THE PARTIES**

The Defendant Debtor argues that the Appraisal is only an "estimate," not an "exact science," and therefore cannot be accepted as completely accurate. (Memorandum in Support of the Defendant's Amended Opposition to the Plaintiff's Motion for Summary Judgment, 3). Further, the Defendant Debtor argues that the $315,000 Appraisal value is "roughly equivalent" to the $269,999.29 sum of the two Litton Loan Service's mortgages on the home. (Memorandum in Support of the Defendant's Amended Opposition to the Plaintiff's Motion for Summary Judgment, 3). Therefore, the Debtor Defendant concludes that no equity in the Premises was conveyed to La and Sisaveth Saykosy and Defendant Debtor could not have intended to defraud creditors of the estate. (Memorandum in Support of the Defendant's Amended Opposition to the Plaintiff's Motion for Summary Judgment, 3).

The Plaintiff Trustee argues that the Defendant Debtor did have equity in the Premises. (Memorandum of Law in Support of Trustee's Motion for Summary Judgment, 3). The Trustee alleges that the fact that the Debtor conveyed equity in the Subject Premises for one dollar to Defendants La and Sisaveth Sakosy indicates that the Debtor intended to "hinder, delay, or defraud" creditors along with all other officers of the estate. (Memorandum of Law in Support of Trustee's Motion for Summary Judgment, 4). Therefore, the Plaintiff Trustee argues that this fraudulent, post-petition transfer warrants a denial of discharge under 11 U.S.C. § 727(a)(2)(B). (Memorandum of Law in Support of Trustee's Motion for Summary Judgment, 4). Plaintiff also argues that Defendants La and Sisaveth Saykosy intended to conspire with the Debtor in this fraudulent transfer. (Memorandum of Law in Support of Trustee's Motion for Summary Judgment, 6).

3

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(c), made applicable by FED. R. BANKR. P. 7056,

summary judgment shall be entered "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." A nonmoving party is not allowed to rely upon the mere

allegations in a complaint or denials in an answer, but the nonmoving party's "response .

. . must set forth specific facts showing that there is a genuine issue for trial." FED. R.

CIV. P. 56(f). The nonmoving party is not required to produce evidence in a form

admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## ANALYSIS

### A. Intent to Hinder, Delay, or Defraud

Section 727 of the Bankruptcy Code states that "[t]he court shall grant the debtor

a discharge unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an

officer of the estate charged with custody of property under this title, has transferred,

removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed,

destroyed, mutilated, or concealed property of the estate, after the date of the filing of the

petition." 11 U.S.C. § 727 (a)(2)(B). In order for the Trustee's motion to prevail, he must

convince the Bankruptcy Court that there is no "genuine issue of material fact" as to

whether the Defendant Debtor acted with the intent to "hinder, delay, or defraud his

creditors" from collecting on their debts. *In Re Watman*, 301 F.3d 3, 8 (2002). The

Defendant Debtor's intent must be actual, not constructive.

Given the practical difficulty of mounting direct evidence of a debtor's actual intent, courts have identified seven indicia that indicate fraudulent intent. These seven indicia, referred to as "badges of fraud," are "1) insider relationships between the parties 2) the retention of, possession, benefit, or use of the property in question; 3) the lack or inadequacy of the consideration for the transfer; 4) the financial condition of the party sought to be charged both before and after the transaction at issue; 5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after incurring the debt, onset of financial difficulties, or pendency or threat of suits by creditors; 6) the general chronology of the events and transactions under inquiry; and 7) an attempt by the debtor to keep the transfer a secret." *Watman*, 301 F.3d. at 8.

Here, the Debtor denies any fraudulent intent to delay, defraud, or hinder any creditor or officer of the estate in this action. Therefore, the Court must review all circumstantial evidence under the seven "badges of fraud" in determining whether a genuine issue of material fact exists as to Count 1 of the Plaintiff Trustee's Complaint. Regarding the first badge of fraud, there is no genuine issue of material fact as to whether an "insider relationship" exists between the Defendant Debtor, La Saykosy, and Sisaveth Saykosy. Defendant Debtor has admitted that La Saykosy is the Debtor Defendant's father and Sisaveth Saykosy is the Debtor Defendant's mother. (Answer of Defendants Aroundeth Saykosy, La Saykosy, and Sisaveth Saykosy, 1)  The Debtor does not dispute that, after his Bankruptcy petition was filed, he transferred the Premises  without the Court's knowledge or permission. (Undisputed Facts, 2).

There is no disputed issue of fact regarding the "retention of, possession, benefit, or use of the property in question." In his "Memorandum of Law in Support of Motion of

David M. Nickless For Summary Judgment," Plaintiff Trustee alleges that Defendant

Debtor continues to reside at the Subject Premises. This conduct indicates that Debtor

continues to benefit from and use the property. The Defendant's Opposition fails to

provide any evidence that the Defendant Debtor no longer resides at the Subject

Premises. Therefore, the Defendant Debtor "fails to set forth specific facts showing that

there is a genuine issue for trial."

Although the Debtor would have the Court find otherwise, there is no genuine

disputed issue of material fact regarding the third badge of fraud, namely, whether there

was a lack or inadequacy of consideration for the transfer. In Trustee Plaintiff's Motion

for Summary Judgment, the Trustee Plaintiff asserts that the transfer of the Premises was

made for the insufficient consideration of one dollar. The Defendant Debtor argues that

no money was received at the time of the transfer. Regardless of whether the Defendant

Debtor received any money at the time of the transfer, Debtor's own Schedule A and

subsequent appraisal clearly indicates that a considerable amount of equity in the home

was transferred to his parents for inadequate consideration. The undisputed facts show

that at a minimum, the equity in the Premises was $15,000 and could be as high as

$30,000, a portion of which belonged to the Debtor's estate as Debtor was an owner by a

joint tenancy.

In his Amended Opposition to Plaintiff's Motion for Summary Judgment, the

Defendant Debtor argues that the $315,000 appraisal value is only an estimate and should

not be used to determine the value of the premises. Because appraising is not an "exact

science" the value of the Premises could be "equivalent" or roughly equivalent to the two

mortgages. Although the Defendant Debtor argues that the appraisal is not accurate and

only an estimate, he does not provide the Court with any proof that the Premises can be valued differently. Therefore, the Debtor Defendant fails to set forth specific facts showing there is a genuine issue for trial regarding the adequacy of consideration received for the Subject Premises.

There is no issue of fact regarding the seventh badge of fraud. Defendant Debtor did not attempt to keep the transfer a secret. Both parties agree that, on the date of conveyance, payments were made to the Litton Loan Service totaling $269,999.29 and payments were made to Rab Performance Services and Citibank totaling $8,127.53. The fact that payments were made to these loan companies indicates that the Defendant Debtor did not attempt to keep the conveyance a secret. Further, the Plaintiff Trustee doesn't provide any evidence indicating that the Defendant Debtor attempted to keep the transaction a secret.

Based on this analysis, there is no genuine issue of material fact as to whether the Defendant Debtor intended to defraud "creditors." The Trustee has provided the Court with evidence that the Defendant Debtor conveyed a significant amount of equity to his parents for little or no consideration. This strongly indicates that the Defendant Debtor intended to defraud his creditors by this post-petition transfer. *City Nat'l Bank v. Bateman*, 646 F.2d 1220 (8th Cir. 1981). Defendant Debtor has failed to come forth with any material evidence, other than the Defendant Debtor's own opinion, that the Appraisal, which he commissioned, is inaccurate and cannot be relied upon to determine how much equity in the home was conveyed. As grounds therefore, Plaintiff Trustee's Motion for Summary Judgment on Count 1 of the Complaint will be granted.

**B. Post Petition Transfer**

Neither party disputes that the Premises was transferred post-petition and without Court approval. This is clearly an avoidable transfer under the express language of 11 U.S.C. § 549(a)(2)(B). Therefore, Plaintiff Trustee's Motion for Summary Judgment on Count 2 of the Complaint is granted.

**C. Conspiracy to Defraud**

The Plaintiff Trustee argues that Debtor, La Saykosy, and Sisaveth Saykosy all participated in a conspiracy to fraudulently convey the Premises. Plaintiff Trustee argues that the fact that the Premises were conveyed to La and Sisaveth Saykosy for inadequate consideration and while the Debtor still resided at the Premises indicates that all three defendants were involved in a conspiracy to defraud creditors. The Defendants argue that there cannot have been any conspiracy to defraud creditors because no equity was transferred at the closing and two creditors were paid at the closing. Plaintiff Trustee does not provide any facts showing that La and Sisaveth Sakosy were involved in a conspiracy with the Debtor to defraud creditors. That the Debtor intended to defraud creditors of the estate does not mean that Defendants La and Sisaveth Sakosy conspired to defraud such creditors. This indicates that there is a genuine issue of material fact as to whether Defendants La and Sisaveth Saykosy conspired with Defendant Debtor to defraud creditors of the estate. Therefore, Plaintiff Trustee's Motion for Summary Judgment on Count 3 is denied.

8

**Conclusion**

For the reasons set forth herein, the Court hereby GRANTS Plaintiff's Motion for

Summary Judgment on Counts 1 and 2 and DENIES Plaintiff's Motion for Summary

Judgment on Count 3.

A separate order shall issue.

Dated February 11, 2008                    By the Court,

Joel B. Rosenthal
United States Bankruptcy Judge